# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

HAROLD M. HOFFMAN, Individually and in behalf of the class of purchasers of *Extenze*,

                    Plaintiff,

    vs.

BIOTAB NUTRACEUTICALS, INC., and DISH DIRECT, INC.,

                 Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CIV. NO.

**NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**

**TO:**   **THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY:**

      **PLEASE TAKE NOTICE** that Defendants BioTab Nutraceuticals, Inc. and Dish Direct, Inc. ("Defendants"), by and through the undersigned counsel and pursuant to 28 U.S.C. §§ 1441 and 1446, hereby remove from the Superior Court of New Jersey, Law Division, Bergen County, the above-captioned action to this Court, the United States District Court for the District of New Jersey, based upon the following facts:

      1.     On November 19, 2007, Plaintiff commenced this action in the Superior Court of New Jersey, Law Division, Bergen County, by filing a Complaint captioned *Hoffman v. BioTab Nutraceuticals, Inc., et al.*, Docket No. BER-L-8490-07. A true and correct copy of the Complaint is attached hereto as "Exhibit A" and incorporated herein by reference.

      2.     Defendants were served with copies of the Complaint on November 26, 2007.

3.    Plaintiff's Complaint asserts claims against Defendants for common law fraud and statutory consumer fraud.

4.    Plaintiff is a citizen of New Jersey and Defendants are incorporated and principally located in California. Based on Plaintiff's allegations, a reasonable jury could award punitive damages that would easily place the amount in controversy above $75,000. Thus, to the extent that Plaintiff is suing in his individual capacity, the action is one over which this Court has original jurisdiction under 28 U.S.C. § 1332.

5.    The Complaint does not identify the residence of the proposed class of plaintiffs, who are referred to simply as "New Jersey [consumers] and other consumers." Based on Plaintiff's allegations, if this matter were certified as a class action, depending on the number of members in the class, a reasonable jury could award punitive damages that would easily place the amount in controversy above $5,000,000. Because the Complaint suggests that some of the proposed class members are not New Jersey consumers (and thus reside in other states), the Complaint on its face does not bring the proposed class action within any of the jurisdictional exclusions under 28 U.S.C. § 1332 (d)(4). Thus, Plaintiff's proposed class action is one over which this Court has original jurisdiction under 28 U.S.C. § 1332.

6.    Accordingly, this action is removable to this Court by the Defendants under the provisions of 28 U.S.C. §§ 1441, 1446 and Fed. R. Civ. P. 81(c).

7.    The date on or before which Defendants are required to answer or move in the Superior Court of New Jersey with respect to Plaintiff's Complaint has not expired.

8.    No further proceedings have been had in connection with this action.

807996v.1

9.      This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446 within 30 days after service upon Defendants of the Summons and Complaint.

10.      The United States District Court for the District of New Jersey is appropriate for purposes of removal because this District embraces the place in which the removed action has been pending.

11.      The undersigned counsel represent all defendants in this action.

12.      Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be promptly (a) filed with the Clerk of the Superior Court of New Jersey, Law Division, Bergen County; and (b) served upon counsel for Plaintiff.

13.      By filing this Notice of Removal, Defendants do not waive any defenses that may be available to them.

WHEREFORE, Defendants respectfully request that this action, previously pending in the Superior Court of New Jersey, Law Division, Bergen County, be removed to this Court, and that this Court proceed as if this case had been originally initiated in this Court.

Respectfully submitted,

GARFUNKEL, WILD & TRAVIS, P.C.
*Attorneys for Defendants*

By: _____
                Philip C. Chronakis (PC-6714)

411 Hackensack Avenue
Hackensack, NJ 07601
Tel:  (201) 883-1030
Fax:  (201) 883-1031

Dated: Hackensack, New Jersey
           December 21, 2007

**Exhibit A**

ACCOUNT NO.: 141867
HAROLD M. HOFFMAN, ESQ.
75 GRAND AVENUE
ENGLEWOOD, NJ 07631
(201) 569-0086
ATTORNEY(S) FOR PLAINTIFF - HAROLD M. HOFFMAN, INDIVIDUALLY AND IN BEHALF OF
THE CLASS OF PURCHASERS OF *EXTENZE*

| | |
|---|---|
| HAROLD M. HOFFMAN, Individually and in behalf of the class of purchasers of *Extenze*, | SUPERIOR COURT OF NEW JERSEY BERGEN COUNTY - LAW DIVISION |
| Plaintiff, | DOCKET NO.:BER-L- 8490 -07 |
| vs. | CIVIL ACTION |
| BIOTAB NUTRACEUTICALS, INC., and DISH DIRECT, INC., | COMPLAINT AND JURY DEMAND IN CLASS ACTION |
| Defendants. | |

Plaintiff Harold M. Hoffman, a resident of the State of New Jersey, County of Bergen,

individually and in behalf of the class of purchasers of *Extenze*, by way of class action complaint

against the defendants above named, respectfully alleges as follows:

## Relevant Factual Allegations

1.  At all relevant times, plaintiff was and is a consumer, residing in the State of New

Jersey, County of Bergen.

2.  Upon information and belief, at all relevant times, (a) defendants were California

corporations with offices in the State of California; and, (b) defendants did substantial business

in, among other places, the State of New Jersey.

3.  At all relevant times, each of the defendants constituted a "person" as defined in the

Consumer Fraud Act, *N.J.S.A.* 56:8-1(d).

4.  In or about November of 2007, and prior thereto, defendants advertised, promised and

represented to New Jersey and other consumers, through print, internet and other media, that an

orally administered product known as *Extenze* could be purchased from defendant.

5. Defendants further advertised, promised and represented to New Jersey and other consumers that consumption of *Extenze* would:

      A. Enlarge your penis and erection;

      B. Give you harder, more frequent erections;

      C. Give you more intense orgasms;

      D. Make your erections last longer;

      E. Improve penile sensitivity;

      F. Allow for easier and more reliable erections;

      G. Enhance desire, power, pleasure and performance.

6. Defendants further advertised, promised and represented that *Extenze*-induced penis growth, as to both length and girth, was "guaranteed" and that the *Extenze* product was "all-natural." Defendants further advertised, promised and represented that the Extenze product is used by twelve, "top adult film actors" who are identified by name.

7. Upon information and belief, plaintiff and, it is further believed, other members of the class, were exposed to defendants' advertisements, promises and representations, as aforesaid, and purchased the *Extenze* product from defendants.

8. Upon information and belief, defendants' advertisements, promises and representations to New Jersey and other consumers as aforesaid, are false; deceptive; fabricated; constitute a misrepresentation; constitute an unconscionable trade practice; are replete with material omissions; constitute a sharp and deceitful marketplace practice, and are a false promise.

2

9. Upon information and belief, the *Extenze* product does not, and lacks capacity, to induce the results promised, advertised and represented by defendants.

### Allegations Pertinent to the Class

10. In the instant action, the class is believed to be so numerous that joinder of all members is impracticable; there are questions of law common to all members of the class; the claims and defenses of the parties are typical of the claims and defenses of the class; and, the party-plaintiff will fairly and adequately protect the interests of the class.

11. Moreover, the prosecution of separate actions by members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class. Further, the party opposing the class has acted on grounds and in a manner generally applicable to the class. Additionally, questions of law common to members of the class predominate over any questions affecting only individual members and a class action is superior to other available methods for fair and efficient adjudication of the controversy.

### COUNT I

12. Plaintiff repeats and realleges the prior allegations of this complaint as if fully set forth at length.

13. Defendants' conduct constitutes an unconscionable commercial practice in violation of the New Jersey Consumer Fraud Act, *N.J.S.A.* 56:8-2.

14. As a proximate result of defendants' conduct, plaintiff and members of the class were damaged.

**WHEREFORE**, plaintiff, individually and in behalf of the class, demands judgment

3

against the defendants for treble damages and punitive damages together with pre-judgment and post-judgment interest, fees, costs, attorney's fees, civil penalties mandated by *N.J.S.A.* 56:8-19, and any other and further relief as the Court deems just and proper.

## COUNT II

15.   Plaintiff repeats and realleges the prior allegations of this complaint as if fully set forth at length.

16.   Defendants' conduct constitutes deception in violation of the New Jersey Consumer Fraud Act, *N.J.S.A.* 56:8-2.

17.   As a proximate result of defendants' conduct, plaintiff and members of the class were damaged.

**WHEREFORE**, plaintiff, individually and in behalf of the class, demands judgment against the defendants for treble damages and punitive damages together with pre-judgment and post-judgment interest, fees, costs, attorney's fees, civil penalties mandated by *N.J.S.A.* 56:8-19, and any other and further relief as the Court deems just and proper.

## COUNT III

18.   Plaintiff repeats and realleges the prior allegations of this complaint as if fully set forth at length.

19.   Defendants' conduct constitutes fraud in violation of the New Jersey Consumer Fraud Act, *N.J.S.A.* 56:8-2.

20.   As a proximate result of defendants' conduct, plaintiff and members of the class were damaged.

**WHEREFORE**, plaintiff, individually and in behalf of the class, demands judgment

4

against the defendants for treble damages and punitive damages together with pre-judgment and post-judgment interest, fees, costs, attorney's fees, civil penalties mandated by *N.J.S.A.* 56:8-19, and any other and further relief as the Court deems just and proper.

## COUNT IV

21. Plaintiff repeats and realleges the prior allegations of this complaint as if fully set forth at length.

22. Defendants' conduct constitutes false pretense, false promise and/or misrepresentation, in violation of the New Jersey Consumer Fraud Act, *N.J.S.A.* 56:8-2.

23. As a proximate result of defendants' conduct, plaintiff and members of the class were damaged.

**WHEREFORE**, plaintiff, individually and in behalf of the class, demands judgment against the defendants for treble damages and punitive damages together with pre-judgment and post-judgment interest, fees, costs, attorney's fees, civil penalties mandated by *N.J.S.A.* 56:8-19, and any other and further relief as the Court deems just and proper.

## COUNT V

24. Plaintiff repeats and realleges the prior allegations of this complaint as if fully set forth at length.

25. Defendants' conduct constitutes knowing concealment, suppression and/or omission of material facts with the intent that others, including members of the plaintiff-class, rely upon such concealment, suppression and/or omission, in connection with the sale or advertisement of any merchandise in violation of the New Jersey Consumer Fraud Act, *N.J.S.A.* 56:8-2.

26. As a proximate result of defendants' conduct, plaintiff and members of the class were

damaged.

**WHEREFORE**, plaintiff, individually and in behalf of the class, demands judgment against the defendants for treble damages and punitive damages together with pre-judgment and post-judgment interest, fees, costs, attorney's fees, civil penalties mandated by *N.J.S.A.* 56:8-19, and any other and further relief as the Court deems just and proper.

### COUNT VI

27. Plaintiff repeats and realleges the prior allegations of this complaint as if fully set forth at length.

28. Defendants, in the advertisement, marketing and sale of the *Extenze*, deliberately engaged in deception, false pretense, false promise and/or misrepresentation with respect to material facts, and did so with the intent that others, including members of the plaintiff-class, rely upon same, and, upon information and belief, members of the class did justifiably rely upon same to their detriment.

29. Defendants, in the advertisement, marketing and sale of *Extenze*, deliberately and knowingly engaged in concealment, suppression and/or omission of material facts with the intent that others, including members of the plaintiff-class, rely upon same, and, upon information and belief, members of the class did justifiably rely upon same to their detriment.

30. As a proximate result of defendants' conduct, members of the class were damaged.

31. Defendants' conduct constitutes common law fraud.

**WHEREFORE**, plaintiff, in behalf of the class, demands judgment against the defendants for treble damages and punitive damages together with pre-judgment and post-judgment interest, fees, costs, attorney's fees, and any other and further relief as the Court

6

deems just and proper.

Harold M. Hoffman
Attorney for Plaintiff

November 19, 2007

## JURY DEMAND

Demand is hereby made for trial by jury as to all issues.

## TRIAL COUNSEL DESIGNATION

Pursuant to Rule 4:25-4, the Court is respectfully advised that Harold M. Hoffman, Esq.,

is hereby designated as trial counsel in behalf of plaintiff.

## CERTIFICATION PURSUANT TO RULE 4:5-1

Harold M. Hoffman, counsel for plaintiff, hereby certifies that the matter in controversy is

not the subject of any other known pending action in this or any other Court or any pending

arbitration, nor is any other action or arbitration known to be contemplated. At this time, no other

known party, other than members of the class, are anticipated for joinder.

I certify that the foregoing is true to the best of my knowledge. I am aware that if any of

the foregoing is wilfully false, I am subject to punishment.

Harold M. Hoffman
Attorney for Plaintiff

November 19, 2007

## NOTIFICATION TO ATTORNEY GENERAL

Pursuant to *N.J.S.A.* 56:8-20, I certify that a copy of this complaint will be served on the

Office of the Attorney General, CN 080, Trenton, NJ, 08625, as well as the Division of

7

Consumer Affairs, 124 Halsey Street, PO Box 45027, Newark, NJ, 07101.

Harold M. Hoffman
Attorney for Plaintiff

November 19, 2007

8

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial Law Division
Civil Part pleadings (not motions) under Rule 4:5-1
**Pleading will be rejected for filing, under Rule 1:5-6(c),
if information above the black bar is not completed or
if attorney's signature is not affixed.**

PAYMENT TYPE: CK   CG   CA

CHG/CK NO.

AMOUNT:

OVERPAYMENT:

BATCH NUMBER:

| ATTORNEY/PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| HAROLD M. HOFFMAN, ESQ. | (201) 569-0086 | BERGEN |

FIRM NAME (if applicable)

DOCKET NUMBER (When available)
L- 8490 -07

OFFICE ADDRESS

75 GRAND AVENUE
ENGLEWOOD, NJ  07631-2904

DOCUMENT TYPE
COMPLAINT IN CLASS ACTION

JURY DEMAND  ☒ YES  ☐ NO

NAME OF PARTY (e.g., John Doe, Plaintiff)

HAROLD M. HOFFMAN, Individually and in behalf of the class of purchasers of Extenze

CAPTION

HAROLD M. HOFFMAN, Individually and in behalf of the class of purchasers of Extenze v. BIOTAB NUTRACEUTICALS, INC., and DISH DIRECT, INC.

CASE TYPE NUMBER (See reverse side for listing)
699

IS THIS A PROFESSIONAL MALPRACTICE CASE? ☐YES ☒NO
IF YOU HAVE CHECKED "YES," SEE N.J.S.A. 2A:53A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT.

RELATED CASES PENDING?  ☐ YES ☒ NO

IF YES, LIST DOCKET NUMBERS

DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? ☐ YES ☒NO

NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY, IF KNOWN
☐ NONE  ☒ UNKNOWN

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? ☐YES☒NO

IF YES, IS THAT RELATIONSHIP ☐EMPLOYER-EMPLOYEE ☐FRIEND/NEIGHBOR ☐OTHER (explain) ☐FAMILIAL ☐BUSINESS

DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? ☒YES ☐NO

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION:

This case is brought as a class action seeking recovery in behalf of a class of consumer purchasers and alleges that defendant(s) engaged in unconscionable and deceptive commercial practices in violation of the New Jersey Consumer Fraud Act.

DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? ☐YES ☒NO

IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION:

WILL AN INTERPRETER BE NEEDED? ☐YES ☒NO   IF YES, FOR WHAT LANGUAGE:

ATTORNEY SIGNATURE:





**SIDE 2**

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

## CASE TYPES (Choose one and enter number of case type in appropriate space on the reverse side.)

### Track I — 150 days' discovery
| | |
|---|---|
| 151 | NAME CHANGE |
| 175 | FORFEITURE |
| 302 | TENANCY |
| 399 | REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction) |
| 502 | BOOK ACCOUNT (debt collection matters only) |
| 505 | OTHER INSURANCE CLAIM (INCLUDING DECLARATORY JUDGMENT ACTIONS) |
| 506 | PIP COVERAGE |
| 510 | UM or UIM CLAIM |
| 511 | ACTION ON NEGOTIABLE INSTRUMENT |
| 512 | LEMON LAW |
| 801 | SUMMARY ACTION |
| 802 | OPEN PUBLIC RECORDS ACT (SUMMARY ACTION) |
| 999 | OTHER (Briefly describe nature of action) |

### Track II — 300 days' discovery
| | |
|---|---|
| 305 | CONSTRUCTION |
| 509 | EMPLOYMENT (other than CEPA or LAD) |
| 599 | CONTRACT/COMMERCIAL TRANSACTION |
| 603 | AUTO NEGLIGENCE – PERSONAL INJURY |
| 605 | PERSONAL INJURY |
| 610 | AUTO NEGLIGENCE – PROPERTY DAMAGE |
| 699 | TORT – OTHER |

### Track III — 450 days' discovery
| | |
|---|---|
| 005 | CIVIL RIGHTS |
| 301 | CONDEMNATION |
| 602 | ASSAULT AND BATTERY |
| 604 | MEDICAL MALPRACTICE |
| 606 | PRODUCT LIABILITY |
| 607 | PROFESSIONAL MALPRACTICE |
| 608 | TOXIC TORT |
| 609 | DEFAMATION |
| 616 | WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES |
| 617 | INVERSE CONDEMNATION |
| 618 | LAW AGAINST DISCRIMINATION (LAD) CASES |

### Track IV — Active Case Management by Individual Judge / 450 days' discovery
| | |
|---|---|
| 156 | ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION |
| 303 | MT. LAUREL |
| 508 | COMPLEX COMMERCIAL |
| 513 | COMPLEX CONSTRUCTION |
| 514 | INSURANCE FRAUD |
| 701 | ACTIONS IN LIEU OF PREROGATIVE WRITS |

### Mass Tort (Track IV)
| | | | |
|---|---|---|---|
| 240 | REDUX/PHEN-FEN (formerly "DIET DRUG") | 271 | ACCUTANE |
| 241 | TOBACCO | 272 | BEXTRA/CELEBREX |
| 248 | CIBA GEIGY | 274 | RISPERDAL/SEROQUEL/ZYPREXA |
| 264 | PPA | 601 | ASBESTOS |
| 266 | HORMONE REPLACEMENT THERAPY (HRT) | 619 | VIOXX |
| 268 | MANUFACTURED GAS PLANT (MGP) | | |

**If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics."**

Please check off each applicable category:

☐ Verbal Threshold          ☒ Putative Class Action          ☐ Title 59

Revised effective 09/2006, CN10517

BERGEN COUNTY SUPERIOR COURT
SUPERIOR COURT LAW DIV
BERGEN COUNTY JUSTICE CTR RM 415
HACKENSACK          NJ 07601-7680

COURT TELEPHONE NO. (201) 527-2600
COURT HOURS

TRACK ASSIGNMENT NOTICE

DATE:     NOVEMBER 20, 2007
RE:       HOFFMAN VS BIOTAB NUTRACEUTICALS INC
DOCKET:   BER L -008490 07

THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

THE PRETRIAL JUDGE ASSIGNED IS:  HON BRIAN R. MARTINOTTI

IF YOU HAVE ANY QUESTIONS, CONTACT TEAM    003
AT:  (201) 527-2600.

IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORD
WITH R.4:5A-2.

ATTENTION:
                    ATT: HAROLD M. HOFFMAN
                    HAROLD M. HOFFMAN
                    28 GRAND AVENUE
                    ENGLEWOOD          NJ 07631-2904

JUBLEEO







# Packing Slip

*REPRINTED*

**SHIP FROM:**

**Biotab Nutriceuticals Inc**
**401 E. Huntington Dr**
**Monrovia, CA 91016**
**Office Hours 8am-5pm PST**
Phone 626-775-6300

**ORDERED BY:**

Customer No: 839265

**Order #:**
**3963693**

Harold Hoffman
386 Eton St
Englewood, NJ 07631

**SHIP TO:**

Harold Hoffman                    3963693
386 Eton St
Englewood, NJ 07631

Phone (201) 569-0086     *USPS Priority Mail*

Sales ID: TV        Printed: 11/12/2007
Date Ordered: 11/09/2007    Time: 07:26:59
Terms: PAID

| Item Lot # | Item | Qty Ordered | Gift Wrap? | Description | Unit Price | Item Total |
|---|---|---|---|---|---|---|
| Items included in this shipment: | | | | | | |
| Unknown | 21 | 1 | | XTENZ10 | 0.97 | 0.97 |

|  | Total Qty: | 1 | | | | |

| | | Disc: | |
|---|---|---|---|
| | | Subtotal: | $0.97 |
| | | Tax: | $0.00 |
| | | Shipping: | $0.00 |
| | | Total: | $0.97 |

**Refund Policy:**

To receive a refund, you must return your first bottle, either empty or full, plus
any additional bottles you may have received. Only the first bottle may be refunded
if opened. Any additional bottles are not refundable if opened. All purchases must
be returned within 45 days from the ship date to be eligible for refund. Please enclose
bottles(s) to be refunded along with your name, address and order number from
the mailing label or packing slip. This policy may not apply to promotions, call
customer service for more information.
****MEMBERSHIP: Customers can call (626)440-1747, fax, mail, or
email (extenze@aol.com) to cancel their preferred club membership

**Shipped By:**

# Packing Slip

**REPRINTED**

┌─ **SHIP FROM:** ─────────────────┐

**Biotab Nutriceuticals Inc**
**401 E. Huntington Dr**
**Monrovia, CA 91016**
**Office Hours 8am-5pm PST**

Phone 626-775-6300

┌─ **ORDERED BY:** ─────────────────┐

Customer No:   839265

**Order #:**
**3999709**

Harold Hoffman
386 Eton St
Englewood, NJ  07631

┌─ **SHIP TO:** ─────────────────┐

Harold Hoffman                    **3999709**
386 Eton St
Englewood, NJ  07631

Phone (201) 569-0086    *USPS Priority Mail*

Sales ID: MAP        **Printed:** 11/19/2007
**Date Ordered:** 11/16/2007   **Time:** 18:27:32
**Terms:** PAID

| Item | Lot # | Item | Qty Ordered | Gift Wrap? | Description | Unit Price | Item Total |
|------|-------|------|-------------|------------|-------------|------------|------------|
| | | | | | Items included in this shipment: | | |
| *Unknown* | | 2G | 1 | | Extenze (additional) | 43.95 | 43.95 |

**Total Qty:** 1

| | |
|---|---|
| *Disc:* | |
| *Subtotal:* | $43.95 |
| *Tax:* | $0.00 |
| *Shipping:* | $6.95 |
| *Total:* | $50.90 |

┌─ **Refund Policy:** ─────────────────┐

To receive a refund, you must return your first bottle, either empty or full, plus
any additional bottles you may have received.  Only the first bottle may be refunded
if opened.  Any additional bottles are not refundable if opened.  All purchases must
be returned within 45 days from the ship date to be eligible for refund.  Please enclose
bottles(s) to be refunded along with your name, address and order number from
the mailing label or packing slip.  This policy may not apply to promotions, call
customer service for more information.
****MEMBERSHIP:  Customers can call (626)440-1747, fax, mail, or
email (extenze@aol.com) to cancel their preferred club membership

**Shipped By:**